UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL NATHANIEL FULLER,

        Plaintiff,

v.

ANDERSON,

        Defendant.
                             /

Case No. 2:19-cv-13030

HONORABLE STEPHEN J. MURPHY, III

## OPINION AND ORDER OF SUMMARY DISMISSAL

Plaintiff Michael Nathaniel Fuller, a state inmate currently incarcerated at the Lakeland Correctional Facility in Coldwater, Michigan, filed a pro se complaint under 42 U.S.C. § 1983. ECF 1. Fuller claims that Defendant Anderson,[1] a hearings investigator, violated his rights to due process and equal protection when she confiscated his legal and personal property. *Id.* at 2. He seeks monetary and injunctive relief. *Id.* at 8. On October 28, 2019, the Court granted Fuller's motion to proceed in forma pauperis ("IFP"). ECF 4. Having reviewed the complaint, the Court dismisses the case for failure to state a claim upon which relief may be granted.

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires a complaint to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a). The purpose of the rule is to "'give the defendant fair notice of what the . . . claim is and the grounds upon

---

[1] Fuller's complaint does not state Defendant Anderson's first name. *See* ECF 1.

1

which it rests.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Although the notice pleading standard does not require "detailed" factual allegations, *id.*, it does require more than the bare assertion of legal conclusions or "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (*quoting Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Id.* (*quoting Twombly*, 550 U.S. at 557).

Here, the Court granted Fuller leave to proceed IFP. ECF 4. Under the Prison Litigation Reform Act ("PLRA"), the Court is required to sua sponte dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). Similarly, the Court is required to dismiss a complaint seeking redress against government entities, officers, and employees that it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b). A complaint "is frivolous if it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a federal civil rights claim, a plaintiff must allege that: (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws

of the United States, and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155 (1978). Pro se civil rights complaints are construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

## DISCUSSION

Fuller's claims arise from the apparent destruction of his personal and legal property while he was incarcerated at the Saginaw Correctional Facility in Freeland, Michigan. ECF 1, PgID 3. On March 28, 2019, Fuller was charged with fighting with another inmate and placed in administrative segregation. *Id.* at 4. While Fuller was confined in segregation, Anderson—a hearing investigator—collected his property and informed Fuller he could have it "sent out" or destroyed. *Id.* He chose to have his property sent out after a hearing to determine whether the property violated Michigan Department of Corrections Policy Directive 04.07.112, regarding prisoner personal property. *Id.* at 4–5. Fuller claims that he was not afforded a hearing. *Id.* at 5. He never received his property and presumed that Anderson had the property destroyed. *Id.* Fuller claims that Anderson's actions violated his due process and equal protection rights.

First, Fuller's due process claim does not entitle him to relief. The negligent or intentional deprivation of a prisoner's property does not violate due process if adequate state remedies are available to redress the wrong. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). To maintain a § 1983 action "claiming the deprivation of a property interest without procedural due process of law, the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate." *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983). Fuller has not alleged or shown that Michigan's

3

judicial remedies are inadequate or that it would be futile to present his claim in the Michigan state courts. Fuller has an adequate remedy in the state courts. *See Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995), and therefore fails to state a claim upon which relief may be granted under § 1983.

Fuller's equal protection claim also lacks merit. Prisoners are entitled to equal protection under the law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). The linchpin of an equal protection claim is that the government has intentionally treated people who are similarly situated in a different manner without a rational basis for the disparate treatment. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Ross v. Duggan*, 402 F.3d 575, 587–88 (6th Cir. 2004). Fuller asserts an equal protection violation but fails to explain how he has been treated differently from others who are similarly situated. ECF 1, PgID 7. Prisoners are not members of a protected class for equal protection purposes due to their status as prisoners. *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). Fuller's speculative and conclusory allegations are insufficient to state an equal protection claim.

To the extent that Fuller also asserts a violation of his right of access to the courts, his claim also fails. Prisoners, including indigent prisoners, have a constitutional right of access to the courts. *John L. v. Adams*, 969 F.2d 228, 231 (6th Cir. 1992). A prisoner's right of access to the courts is limited to direct criminal appeals, habeas corpus applications, and civil rights claims challenging the conditions of confinement. *See Lewis v. Casey*, 518 U.S. 343, 355 (1996); *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999). For a prisoner to prevail on an access to

the courts claim he "must plead and prove prejudice stemming from the asserted violation. . . . Plaintiffs [must] allege [a] litigation-related detriment." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Fuller makes no such showing. He argues that he no longer has a copy of his habeas corpus petition, which was filed in the Eastern District of Michigan. ECF 1, PgID 5; *See Fuller v. Winn*, No. 18-cv-13988, ECF 1 (E.D. Mich. Dec. 20, 2018). Fuller's habeas case is now stayed pending his exhaustion of state court remedies. *Fuller v. Winn*, No. 18-cv-13988, ECF 10 (E.D. Mich. Aug. 27, 2019). He does not allege or show that he is unable to pursue exhaustion of state court remedies based upon Anderson's alleged actions nor does he show that he has been disadvantaged in the habeas proceeding. Fuller has therefore failed to state a claim that his constitutional right of access to the courts has been denied.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff's civil rights complaint [1] is **DISMISSED**.

This is a final order that closes the case.

**SO ORDERED.**

s/ Stephen J. Murphy, III  
STEPHEN J. MURPHY, III  
United States District Judge

Dated: November 26, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 26, 2019, by electronic and/or ordinary mail.

s/ David P. Parker  
Case Manager